**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MELISSA J. POIRIER, | ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION<br><br>NO. 4:14-CV-40106-TSH |
| v. | ) ) | |
| MASSACHUSETTS DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION (Docket No. 22)**

**May 10, 2016**

**HILLMAN, D.J.**

Melissa J. Poirier (Plaintiff), pro se, brought this lawsuit against her former employer, the Massachusetts Department of Corrections (DOC or Defendant), alleging gender discrimination. The DOC moved to dismiss, on the grounds that Plaintiff's claims were untimely and barred by the doctrine of claim preclusion. This Court denied the DOC's motion. The DOC now moves for reconsideration of that decision. For the reasons set forth below, the DOC's motion for reconsideration (Docket No. 22) is ***granted*** and the DOC's motion to dismiss (Docket No. 14) is ***granted***.

The underlying facts are set forth fully in this Court's order of February 4, 2016. (Docket No. 21.) Plaintiff was terminated from her position as a correction officer in 2005, allegedly for violating policies that prohibited personal contact with former inmates without permission from

1

the Superintendent. She brought suit against the DOC in 2006, alleging that the policies violated the First Amendment. The case was dismissed.

In January of 2010, four and a half years after her termination, Plaintiff had a chance encounter with a male former colleague, and he told her that he had been involved with a female inmate and had not been terminated. Less than one month after receiving this information, Plaintiff filed a gender discrimination complaint with the Massachusetts Commission Against Discrimination (MCAD). In November of 2013, without deciding whether Plaintiff's complaint was timely, the MCAD notified Plaintiff of a lack of probable cause, on the ground that Plaintiff was not similarly situated with the comparators she had used to support her claims of gender discrimination. The Equal Employment Opportunity Commission (EEOC) adopted the MCAD's findings and sent Plaintiff a right-to-sue letter. Plaintiff brought this lawsuit on August 1, 2014, which was within ninety days of receiving the letter from the EEOC.

"A court appropriately may grant a motion for reconsideration 'where the movant shows a manifest error of law . . . .'" *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Kansky v. Coca–Cola Bottling Co. of New England,* 492 F.3d 54, 60 (1st Cir. 2007)). However, "a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

In my order of February 4, 2016, I denied the DOC's motion to dismiss for claim preclusion and untimeliness. After further consideration, I find that my decision on the timeliness issue was incorrect. It is on that ground only that I reverse my previous findings.

Under Plaintiff's Title VII claim, she was required to file with the EEOC no later than 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). She

could then bring suit in this Court within ninety days of receiving notice and authorization from the EEOC. *Id.* § 2000e-5(f)(1).  Before filing with the EEOC, she had to file with the MCAD—also a prerequisite to bringing her state-law claim—which has a 300-day limitations period for administrative filings. Mass. Gen. Laws ch. 151B, § 5.  Additionally, under state law there is a three-year limitations period for filing civil actions based on state-law discrimination claims. *Id.* § 9.

It is undisputed that the most recent date of adverse employment action was August 11, 2005, when Plaintiff was terminated.  She did not file with the MCAD until January 20, 2010—and the EEOC sometime after that—which was well after the expiration of the 300-day limitations periods under both state and federal law.  The explanation for this is that she did not have any reason to suspect gender discrimination until she talked to her male former-colleague in January of 2010.  In my initial order, I relied on the fact that neither the MCAD nor the EEOC dismissed Plaintiff's claims for untimeliness, and that Plaintiff brought her suit in this Court within ninety days of receiving a right-to-sue letter from the EEOC.  I am, however, empowered to make an independent finding on timeliness, and I am not bound by the agencies' findings in this regard.[1] *See Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1017 (1st Cir. 1979) ("the courts have generally made an independent review of the timeliness of the agency filing.").

The DOC brings my attention to a First Circuit decision, *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746 (1st Cir. 1994), which is dispositive of the timeliness issue with regard to Plaintiff's federal claim.  In *Morris*, the plaintiff was a government employee who was suspended, allegedly on the basis of his race and political beliefs.  He brought a discrimination

---

[1] The MCAD acknowledged the timeliness question but did not decide the issue, choosing instead to make its findings on the assumption that Plaintiff's compliant was timely.  The EEOC adopted the MCAD's conclusions and did not make any independent findings.

claim under 42 U.S.C. § 1983. Although this was not a Title VII case, the court addressed the issue of when an employment discrimination claim accrues. The court rejected the plaintiff's contention that "his cause of action existed in what amounts to a state of suspended animation until he became aware of the racial and political motives behind the adverse employment decision." *Id.* at 749-50. Instead, the court held that, in employment discrimination cases, the statute of limitations begins to run from the date of the adverse employment action, regardless of whether the employee had reason to know of any discriminatory animus at that time. *Id.* at 750; *see also Svensson v. Putnam Investments LLC*, 558 F. Supp. 2d 136, 140 (D. Mass. 2008) ("In an employment discrimination case under federal law, the limitations period begins to run when the claimant learns of the adverse employment action, not when a plaintiff learns of the improper motives."). Thus, I am constrained to find that Plaintiff's Title VII claim is time-barred, because she filed her complaint with the EEOC more than 300 days after she was terminated.

With regard to Plaintiff's state-law discrimination claim, the analysis is somewhat different, but the claim is also time-barred. Under state law, "pursuant to the so-called 'discovery rule,' the statute of limitations for a particular cause of action does not begin to run until the plaintiff knows, or should have known, that she has been harmed by the defendant's conduct." *Silvestris v. Tantasqua Reg'l Sch. Dist.*, 847 N.E.2d 328, 336 (Mass. 2006). As applied to actions for employment discrimination, this means that the cause of action does not accrue until the plaintiff should reasonably have been aware that the adverse employment action was discriminatory. *Id.*; *Wheatley v. American Tel. & Tel. Co.,* 636 N.E.2d 265, 268 (Mass. 1994); *see Svensson*, 558 F. Supp. 2d at 140.[2]

---

[2] The DOC appears to contend that state and federal law are identical in their absence of a discovery rule for employment discrimination cases, citing to *Everett v. 357 Corp.*, 904 N.E.2d 733, 751 (Mass. 2009), and *Ocean Spray Cranberries, Inc. v. Massachusetts Comm'n Against*

4

However, under state law there is also a three-year limitations period for filing civil actions based on state-law discrimination claims. Mass. Gen. Laws ch. 151B, § 9.  Here, Plaintiff learned of the potential discrimination in January of 2010, but she did not file her complaint with this Court until August of 2014, which was four and a half years later.  Therefore, it was not timely.  I am aware that the MCAD did not issue its lack-of-probable-cause finding until November of 2013, which was after the expiration of the three-year limitations period for filing a civil suit, and that Plaintiff did not receive her right-to-sue letter from the EEOC until the spring of 2014.  But, the statute of limitations for filing civil claims under state law runs separately from the MCAD's and EEOC's review processes.

Thus, upon reconsideration, I erred in my initial decision by accepting Plaintiff's claims as timely.  Based on the facts alleged in Plaintiff's complaint, it is understandable that she waited until 2010 to initiate the administrative process and until 2014 to file suit.  As she alleges, she did not have a reason to know, prior to 2010, that her termination may have been motivated by discriminatory animus.  Moreover, she no doubt thought it prudent to wait until the conclusion of the MCAD proceedings before bringing a lawsuit, and she needed the EEOC letter before she could assert her federal claim.  Unfortunately, I am bound by the timing requirements of the admittedly convoluted administrative schemes, as well as by the case law of this Circuit.  I must find that Plaintiff's claims are time-barred under state and federal law.

---

*Discrimination*, 808 N.E.2d 257, 265 (Mass. 2004).  However, those cases dealt with the continuing-violations doctrine, not the discovery rule.  The continuing-violations doctrine is not at issue in this case.

For these reason, the DOC's motion for reconsideration (Docket No. 22) is ***granted*** and the DOC's motion to dismiss (Docket No. 14) is ***granted***.  Plaintiff's complaint is hereby dismissed.

**SO ORDERED.**

>  ***/s/ Timothy S. Hillman***
>  **TIMOTHY S. HILLMAN**
>  **DISTRICT JUDGE**